UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARION Y. TURNER,

                Petitioner,

v.                                    CASE NO. 05-CV-70723-DT
                                    HONORABLE JOHN CORBETT O'MEARA

KENNETH ROMANOWSKI,

                Respondent.

_____/

## ORDER STAYING CASE
## AND
## DENYING WITHOUT PREJUDICE
## RESPONDENT'S MOTION TO DISMISS AND
## PETITIONER'S MOTION TO EXPAND THE RECORD

Petitioner Darion Y. Turner has filed an application for the writ of habeas corpus under 28 U.S.C. § 2254. Currently pending before the Court are Respondent's motion to dismiss the habeas petition and Petitioner's motion to expand the record.

Petitioner was convicted in 1993 of two counts of second-degree murder and one count of possession of a firearm during the commission of a felony. Respondent argues that Petitioner's claims are barred from substantive review by his failure to comply with the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

Petitioner, however, maintains his innocence, and a claim of actual innocence can be raised "to avoid a procedural bar to the consideration of the merits of [a petitioner's] constitutional claims." *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). Equitable tolling of the one-year habeas statute of limitations is appropriate when it is based on a credible showing of actual innocence. *Souter v. Jones*, 395 F.3d 577, 600-02 (6th Cir. 2005). "To establish actual

innocence, 'a petitioner must show that it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt.'" *Id.* at 590 (quoting *Schlup*, 513 U.S. at 327). "To be credible, such a claim requires [the] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324.

The Supreme Court is expected to re-examine *Schlup*, as well as, *Herrera v. Collins*, 506 U.S. 390 (1993), later this year. *See House v. Bell*, No. 04-8990, *petition for cert. granted*, __ U.S. __, 125 S. Ct. 2991 (2005). The issues on which certiorari were granted in *House v. Bell* are:

> 1. Did the majority below err in applying this Court's decision in *Schlup v. Delo* to hold that Petitioner's compelling new evidence, though presenting at the very least a colorable claim of actual innocence, was as a matter of law insufficient to excuse his failure to present that evidence before the state courts - merely because he had failed to negate each and every item of circumstantial evidence that had been offered against him at the original trial?
>
> 2. What constitutes a "truly persuasive showing of actual innocence" pursuant to *Herrera v. Collins* sufficient to warrant freestanding habeas relief?

*House v. Bell*, Pet. for a Writ of Certiorari, 2005 WL 1527632, at i (U.S. Mar. 3, 2005) (No. 04-8990).

The Supreme Court's decision in *House v. Bell* may assist this Court in resolving the issues in this case. Accordingly, this case is STAYED pending a decision in *House v. Bell*. Respondent's motion to dismiss [Doc. #8, Sept. 7, 2005] and Petitioner's motion to expand the record [Doc. #32, Sept. 26, 2005] are denied without prejudice to the parties' right to renew their motions following the Supreme Court's decision in *House v. Bell*.

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated:  March 22, 2006