UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARION Y. TURNER,

       Petitioner,

v.                                    CASE NO. 05-CV-70723-DT
                                      HONORABLE JOHN CORBETT O'MEARA

KENNETH ROMANOWSKI,

       Respondent.
_____/

# ORDER
## (1) GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL
## (2) GRANTING PETITIONER'S MOTION TO FILE AN OVERSIZED BRIEF, AND
## (3) GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY

**I. Introduction**

Petitioner Darion Y. Turner has appealed the Court's denial of his petition for the writ of habeas corpus. Currently pending before the Court are Petitioner's motions for a certificate of appealability, for leave to proceed *in forma pauperis* on appeal, and for permission to file an oversized brief in support of his motion for a certificate of appealability.

Petitioner has been convicted of two counts of second-degree murder, Mich. Comp. Laws § 750.317, and one count of felony firearm, Mich. Comp. Laws § 720.227b. The convictions arose from a house fire in which two people died from smoke inhalation. Although the habeas petition alleges eleven grounds for relief, Petitioner seeks a certificate of appealability on only the following six claims:

    I.     The trial and appeals court denial of Petitioner's request for an evidentiary hearing pursuant to the Michigan Supreme Court's

decision in *People v. Ginther*, after appellant's *prima facie* showing that his claims of ineffective assistance of trial and appellate counsels were supported by evidence outside of the record, is a capricious and arbitrary denial that violated the Equal Protection Clause to the Fourteenth Amendment to the United States Constitution and the Michigan Constitution.

III. Whether or not Petitioner was deprived of his liberty and a fair trial where the prosecutor misrepresented the facts in the case, vouched for the credibility of her witnesses and perpetrated a fraud upon the court and jury when she

    A. used false and perjured testimony;
    B. introduced irrelevant evidence of a red container; and
    C. placed before the jury guns and ammunition not used in the crime against the accused requiring reversal under the Fourteenth Amendment.

IV. Whether or not Petitioner was deprived of his appeal of right where he was the victim of ineffective assistance of counsel on direct appeal in violation of Petitioner's Sixth and Fourteenth Amendment rights to the Constitution and whether or not the appeal of right should be reinstated.

V. Petitioner was deprived of effective assistance of trial counsel in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights to the United States Constitution.

VIII. Whether or not the jury instructions as given denied fundamental due process of law and created a substantial and injurious effect on the jury's verdict as a whole, which renders the errors a structural error defect in the entire trial mechanism that reversal is mandated.

XI. The prosecutor engaged in misconduct where she withheld evidence that a prosecution witness entered into a plea bargain whereby that witness agreed to testify against the defendant.

**II. Discussion**

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must

2

first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a [certificate of appealability] will issue in some instances where there is no certainty of ultimate relief. After all, when a [certificate of appealability] is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). When, as in this case, "a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

    **A. Lack of Evidentiary Hearing - Claim I**

Petitioner alleges that the state courts should have granted his request for an evidentiary hearing on his ineffective-assistance-of-counsel claims. Petitioner contends that the denial of his request was arbitrary and capricious and a violation of the Michigan Supreme Court's decision in *People v. Ginther*, 390 Mich. 436 (1973). The Court rejected this claim, because *Ginther* does not confer an absolute right to an evidentiary hearing in all cases where a defendant alleges ineffective assistance of counsel, and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990). Reasonable jurists would agree. Therefore, a certificate of appealability will not issue on Claim I.

3

### B. The Prosecutor's Conduct - Claims III and XI

Petitioner contends that the prosecutor used false testimony, introduced irrelevant evidence, committed a fraud upon the trial court, vouched for the credibility of her witnesses, and withheld evidence of a witness's plea bargain. The Court found no merit in the perjury and fraud-on-the-court claims because the record indicates that there were mere discrepancies in the evidence, which fall short of establishing that the government knowingly used perjured testimony or committed a fraud on the court. *United States v. Griffin*, 194 F.3d 808, 819 (7th Cir. 1999); *see Ohio Casualty Ins. Co. v. Pulliam*, 161 Fed. Appx. 494, 498 (6th Cir. 2005) (unpublished), *cert. denied*, __ U.S. __, 127 S. Ct. 182 (2006).

The Court rejected the claim about the prosecutor's allegedly improper introduction of evidence because the disputed items were not prejudicial to the defense. The guns and ammunition were not admitted in evidence and the trial court explained to the jury that the items were not related to the case. As for a 3-1/2 gallon can, there was conflicting testimony about whether the can was used for gasoline.

The Court found that the prosecutor did not withhold evidence of a witness's plea agreement. Although the prosecutor did say that the witness was not lying, the comment was made during cross-examination about the offense with which the witness was charged and the witness's understanding of the maximum penalty for the offense. Furthermore, the trial court gave a special jury instruction in which it stated that the attorneys' arguments were not evidence and that the jurors should disregard any statements which appeared to vouch for the truth of a witness's testimony.

Reasonable jurists would agree that the prosecutor's conduct and comments were proper

or harmless error. Therefore, a certificate of appealability will not issue on claims III and XI.

### C. Trial and Appellate Counsel - Claims IV and V

Petitioner alleges that his trial attorney violated his constitutional right to effective assistance of counsel by depriving him of his right to testify and by providing defective advice on the admissibility of an incident, which did not result in a conviction. Reasonable jurists could debate whether Petitioner's waiver of the right to testify was voluntary and whether defense counsel adequately investigated potential alibi witnesses. Therefore, a certificate of appealability may issue on claim V.

Petitioner's claim about his appellate counsel is closely related to his claim about trial counsel. Consequently, a certificate of appealability also may issue on claim IV.

### D. The Jury Instructions - Claim VIII

Petitioner alleges that errors in the jury instructions amounted to structural errors and, therefore, he is entitled to a reversal of his conviction. The special cautionary instruction did not permit the jurors to convict Petitioner on an unrelated charge, as Petitioner alleges, and the instruction on reasonable doubt was upheld in *Binder v. Stegall*, 198 F.3d 177, 179 (6th Cir. 1999). Petitioner's other challenges to the jury instructions are not supported by the record or do not demonstrate the existence of a variance or constructive amendment. The Court therefore declines to issue a certificate of appealability on Petitioner's claims about the jury instructions.

## III. Conclusion

Reasonable jurists could disagree with the Court's resolution of Petitioner's claims about his trial and appellate attorneys. The Court therefore **GRANTS** Petitioner's motion for Certificate of Appealability [Doc. 47] as to Habeas Claims IV and V (ineffective assistance of

trial and appellate counsel).  The Court **DENIES** Petitioner's motion for a certificate of appealability as to his other habeas claims.

Petitioner's motion to file an oversized brief [Doc. 48] is **GRANTED**.  The Court has considered the brief in drafting this order.  The Clerk of Court is **ORDERED** to file the brief.

Petitioner's motion to proceed *in forma pauperis* on appeal [Doc. 46] likewise is **GRANTED**.  Although Petitioner had a spendable balance of $428.28 in his prison account as of October 8, 2007, the appellate filing fee is $455.00, and Petitioner's claims are not clearly frivolous.

    s/John Corbett O'Meara
    United States District Judge

Date: November 08, 2007


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 9, 2007, by electronic and/or ordinary mail.

    s/William Barkholz
    Case Manager